IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KEVIN L. BALLARD,

Petitioner,

vs.

LANCASTER COUNTY COURTS,

Respondent.

**8:22CV172**

**MEMORANDUM AND ORDER**

This matter is before me on preliminary review of Petitioner Kevin L. Ballard's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 and filed in this court on May 6, 2022. (Filing 1.) On a date not specified in the petition, Petitioner pleaded guilty to assault of a confined person and was sentenced to 1 to 2 years' imprisonment. (Filing 1 at CM/ECF p. 1.) Petitioner alleges his conviction was entered in the "Lancaster County Courts" in Lincoln, Nebraska, in Case No. "D19-1420." (*Id.*) According to Petitioner's state court records, available to this court online, Petitioner pleaded guilty on May 26, 2020, to an amended information filed in Case No. CR19-1420 in the District Court of Lancaster County, Nebraska ("state district court"), charging Petitioner with assault by a confined person, a Class 3A felony. On July 20, 2020, the state district court sentenced Petitioner to 1 to 2 years' imprisonment to be served consecutive to any other sentence.[1] Petitioner alleges, and his state court records confirm, that he did not file a direct appeal from the judgment of conviction or a motion for postconviction relief. (*Id.* at CM/ECF pp. 2–3.)

---

[1] See attached amended information and sentencing order for *State v. Kevin L. Ballard*, CR19-1420, District Court of Lancaster County, Nebraska, at https://www.nebraska.gov/justice/case.cgi; *Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (court may take judicial notice of public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts).

It appears from the face of the petition and the state court records that Petitioner's claims may be barred by the statute of limitations because the petition was filed more than one year after Petitioner's judgment became final. *See* 28 U.S.C. § 2244(d)(1)(A). However, in order to ensure a just and fair resolution of this matter, the court will enter an order progressing this case to final resolution.

IT IS THEREFORE ORDERED that:

1.    By **October 14, 2022**, Respondent must file a motion for summary judgment or state court records in support of an answer. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **October 14, 2022**: deadline for Respondent to file state court records in support of answer or motion for summary judgment.

2.    If Respondent elects to file a motion for summary judgment, the following procedures must be followed by Respondent and Petitioner:

    A.    The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

    B.    The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

    C.    Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief must be served on Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondent's motion and brief. In the event that the designation of state court records is deemed

insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.    No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the court.

E.    No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

F.    If the motion for summary judgment is denied, Respondent must file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents must be filed no later than 30 days after the denial of the motion for summary judgment. **Respondent is warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

3.    If Respondent elects to file an answer, the following procedures must be followed by Respondent and Petitioner:

A.    By **October 14, 2022**, Respondent must file all state court records that are relevant to the cognizable claims. *See, e.g.*,

Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

B.   No later than 30 days after the relevant state court records are filed, Respondent must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C.   Copies of the answer, the designation, and Respondent's brief must be served on Petitioner at the time they are filed with the court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondent's answer and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.   No later than 30 days after Respondent's brief is filed, Petitioner must file and serve a brief in response. Petitioner

4

must not submit any other documents unless directed to do so
by the court.

E.      No later than 30 days after Petitioner's brief is filed,
Respondent must file and serve a reply brief. In the event that
Respondent elects not to file a reply brief, he should inform the
court by filing a notice stating that he will not file a reply brief
and that the merits of the petition are therefore fully submitted
for decision.

F.      The clerk of the court is directed to set a pro se case
management deadline in this case using the following text:
**November 14, 2022**: check for Respondent's answer and
separate brief.

4.      No discovery shall be undertaken without leave of the court. *See* Rule
6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

Dated this 30th day of August, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

5